46255. TROY LUMBER COMPANY v. WILLIAMS et al.

HALL, Presiding Judge. In attachment proceedings to recover a debt, the third-party claimant (asserting title and a perfected security interest in the property levied upon) appeals from the denial of its motion for summary judgment. The court certified the order for immediate review.

The claimant is a South Carolina corporation which manufactures mobile homes. In January of 1970 it entered into a security agreement with a certain Lampp, president of a Florida corporation which sells mobile homes. The agreement covered all present and future inventory of the manufacturer's products which the dealer might possess for the purpose of retail sale. The dealer had a place of business in Houston County. The manufacturer filed a standard UCC financing statement there on February 5, 1970, generally covering the inventory and proceeds as described in the security agreement. On May 12, the plaintiffs signed a "proposal" with the dealer to purchase a mobile home (no particular model specified) and made a down payment of $600. Before any further performance, i.e. delivery of a mobile home or plaintiffs' execution of a note for the balance, the dealer's president apparently absconded with all the company's cash. On May 19, the plaintiffs filed an affidavit of attachment stating that Lampp was indebted to them in the amount of $600. The sheriff levied upon a mobile home on the dealer's premises and plaintiffs filed their petition praying for judgment on the debt and sale of the property to satisfy it. Then the manufacturer intervened as a claimant, filing an affidavit that it owned the property levied upon which was therefore not subject to attachment for the debt of Lampp. It then made a motion for summary judgment and offered in support a copy of the security agreement; the financing statement; the shipping invoice on the mobile home levied upon; and affidavits of an officer of the company which stated that title was in the manufacturer, that it had never issued a certificate of title to anyone, and that the mobile home was shipped under invoice to the dealer's lot in Houston County with the understanding of both parties that it would be kept in Georgia where

the security interest would attach.

Plaintiffs responded with an affidavit of the dealer's local salesman to the effect that when he displayed mobile homes to the plaintiffs, the dealer appeared to have ownership of all those on the lot and that he said or did nothing which would indicate to plaintiffs that a sale would be in violation of any ownership or security interest in another party. Plaintiffs offered an affidavit disclaiming any such knowledge of a security interest and asserting their status as buyers in the ordinary course of business. The affidavit also stated that the manufacturer had neither title nor a perfected security interest. The trial court denied the motion for summary judgment on the ground there is a genuine issue of material fact.

As complicated as the facts are, we are unable to see any issue of fact. Plaintiffs' bare denial of the manufacturer's title or interest does not raise one. That is a question of law, based on what was or was not done, according to the evidence. Plaintiffs have offered no fact which calls into question the validity of the security agreement or the proper filing of the financing statement under Georgia statutory law governing these transactions. *Code Ann.* §§ 109A-9—201, 109A-9—302, 109A-9—401 (1) (b), 109A-9—402. The documentary evidence clearly shows that at the time of the levy, the manufacturers had not only title, but a perfected security interest in Georgia in the particular mobile home. Plaintiffs contend that the manufacturer must prove that no other state has issued a title certificate on this property in order for Georgia law to apply. It has no such burden of negative proof. The affidavit of its officer swearing that *no* certificate has yet been issued is sufficient.

The appellant-manufacturer contends that under *Code Ann.* § 109A-9—310, its perfected security interest takes priority over all liens except those specifically excluded.

Plaintiffs' main contention is that they are buyers in the ordinary course of business, and therefore take the property free of a security interest created by the seller. *Code Ann.* §§ 109A-9—307 (1) and 109A-2—403 (2). This would be a valid argument if the plaintiffs were in fact buyers, i.e., if they were either attempting to enforce the contract of sale or defending their right

to free possession of the property after having performed under the contract. However, the plaintiffs have, in effect, rescinded this contract by demanding refund of their down payment. They are not asking for a mobile home, they are asking for $600. That the sheriff levied upon a mobile home which will be sold by execution to satisfy the debt, does not make them buyers of the attached mobile home. Plaintiffs elected to become lien creditors of the dealer and they must therefore take a secondary place to the perfected security interest. Accordingly, the trial court erred in denying the claimant's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Eberhardt, J., concur. Whitman, J., not participating because of illness.*

SUBMITTED JUNE 4, 1971—DECIDED OCTOBER 20, 1971.

*Robert L. Hartley, Jr.,* for appellant.

*Spencer, Smith & Williams, George L. Williams, Jr.,* for appellees.